The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Margaret Morgan Holmes.
 ***********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $493.00.
5. Plaintiff became employed by the defendant-employer in 1979. She sustained an injury on 5 September 1997. The defendant filed a Form 60 dated 13 September 1997 referencing an injury to the back and chest. However, after the plaintiff claimed benefits for her knee, the defendant filed a Form 61 dated 13 July 1999.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, the plaintiff was fifty-seven years old. She sustained a compensable injury by accident on 5 September 1997 when she was removing a box of paper from a shelf which fell against her and knocked her to her knees.
2. Plaintiff reported the incident to her supervisor that same day by a memo in which plaintiff reported that she received an abrasion to her left knee and that a lump formed on her knee and became swollen before the end of her shift. Plaintiff also reported pain in her upper torso.
3. Plaintiff's supervisor sent her for medical attention and plaintiff began receiving treatment for her back. Defendant accepted plaintiff's back injury as compensable and plaintiff received treatment for her back from the date of the injury through the fall of 1999. As a result of the back injury, plaintiff was out of work and received temporary total disability compensation for approximately two months.
4. While plaintiff was out of work, she began to feel some discomfort in her left knee, but was on pain medication for her back and did not report any knee pain to her doctor. Plaintiff's left knee hurt on and off for a period of time but eventually got worse until she first sought medical attention for her knee on 11 June 1999. Plaintiff saw Dr. James S. Kramer, a primary care sports medicine physician, on that date. Dr. Kramer asked plaintiff if she had sustained an injury or trauma to her knee, to which she responded "no."
5. Thereafter, plaintiff remembered the 1997 incident. When she returned to the doctor for treatment of her knee on 23 June 1999, she saw Dr. Daniel F. Murphy, an orthopedic surgeon. She then reported to him the 5 September 1997 incident at work. Dr. Murphy diagnosed a posttraumatic rapidly accelerating degenerative arthritis and medial meniscus tear culminating in destruction of the inner aspect of her knee, necessitating replacement of that part of her knee. Dr. Murphy operated on the plaintiff on 28 June 1999 and 1 November 1999.
6. As a result of her knee injury, plaintiff was unable to earn wages for the defendant-employer or in any employment from 28 June 1999 through 17 July 1999, and from 1 November 1999 to date.
7. Prior to 5 September 1997, plaintiff never had any problems with her left knee.
8. Dr. Murphy opined and the Full Commission finds that, although the plaintiff did not seek medical attention for her knee until 11 June 1999 and that she initially reported to Dr. Kramer that she did not receive a knee injury or suffer a trauma, based upon plaintiff's report that she suffered knee pain on and off since the incident, the traumatic event of 5 September 1997 caused her knee problem.
9. Plaintiff's testimony was credible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 5 September 1997, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant which resulted in an injury to her back and left knee. N.C. Gen. Stat. §97-2(6).
2. As a result of the 5 September 1997 injury by accident and resulting knee injury, plaintiff was temporarily and totally disabled from 28 June 1999 through 17 July 1999, and from 1 November 1999 through the present, and is entitled to compensation at the weekly rate of $328.67 for those periods of time and continuing. N.C. Gen. Stat. §97-29.
3. The plaintiff is entitled to medical compensation necessitated by the 5 September 1997 injury by accident, including compensation for past and future medical treatment of her knee. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the weekly rate of $328.67 for the periods from 28 June 1999 through 17 July 1999, and from 1 November 1999 through the present and continuing until such time as she returns to work at her pre-injury wages or until further Order of the Industrial Commission. The part of this compensation that has accrued shall be paid in a lump sum to plaintiff, subject to the attorney fee approved hereinafter.
2. Defendant shall pay all medical compensation arising from this injury by accident.
3. An attorney fee in the amount of twenty-five percent is approved for the plaintiff's attorney, said amount to be deducted from the lump sum currently due to plaintiff under this Opinion and Award and paid directly to said attorney by defendant. Thereafter, every fourth compensation payment due to plaintiff shall be paid directly to plaintiff's attorney as an attorney fee.
4. Defendant shall pay the costs.
This 10th day of September 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER